*445 OPINION.
Murdock:
The petition in the case of Julius S. Rippel alleges that the determination of the deficiency is based upon the following error:
Erroneous determination in 1922 of taxable profits arising from disposal of 48 shares of Fidelity Union Trust Co. securities.
As facts in support of this contention it alleges, inter alia, the following:
Taxpayer is being charged, for the year 1922, with a profit of $28,786.00, resulting from the sale of 410 shares of Fidelity Union Trust Co. (including these first referred to 275 shares) at a sale price of $126,658.00 and a cost price thereof of $97,872.00. In this sale price of $126,658.00 is included the full sum of $82,500.00, resulting from the sale of the above referred to 275 shares of said Fidelity Union Trust Co. stock in which four others had an individual interest therein upon the profit realized over and above a sale price of $250.00 per share upon 250 shares thereof.
Taxpayer liquidated this syndicated interest in the 250 shares by making payment therefor with 48 shares of Fidelity Union Trust Co. stock which had cost taxpayer 22S% per share or $10,968.00, and for which net cash in the adjustment of the account was received by taxpayer in the amount of $1,900.00.
Taxpayer contends error on Commissioner’s part by his failure to reduce taxpayer’s profit upon sale of said 410 shares, by giving credit to taxpayer for the other “ interests ” share in the gross profit derived from sale of 250 shares thereof, and at the same time to consider that taxpayer, in the adjustment of the other interests, disposed of 48 additional shares owned by taxpayer of Fidelity Union Trust Co. stock, costing $10,968.00, for sole cash consideration of $1,900.00. The Commissioner, in his letter of November 20, 1925, states that taxpayer “ apparently disregarded entirely the fact that with these 48 shares he liquidated an indebtedness of $12,500.00 as well as receiving $1,900.00 in cash.” Taxpayer directs attention, however, to the fact that in the computation of the sale price of the 410 shares of stock, the entire gross sale price is charged against taxpayer which, however, includes the other “ interests ” share in the transaction in question.
The answer denies that the Commissioner committed any error in this connection and also denies all the material allegations of fact contained in these paragraphs. Ro proof has been offered that this petitioner sold in the year 1922, 410 shares of this stock at a sale price of $126,658, or that this sale price included $82,500 resulting from the sale of 275 shares of the stock, or that the petitioner is being charged with a profit of $28,786, resulting from the sale of this stock. In the absence of these facts we could not possibly say that the Commissioner committed error by failing to reduce the petitioner’s profit *446 upon the sale of the 410 shares of stock by the share of the gross profits belonging to other “ interests,” or in failing to’ consider that in the adjustment of the other interests the petitioner disposed of 48 additional shares of stock, costing $10,968, for a cash consideration of $1,900.
J. S. Rippel told certain of his business associates and employees that if he sold certain shares of stock for more than $250 a share, they should have the amount realized in excess of $250 a share. Shortly thereafter he sold the shares of stock for $300 a share. Had it not been for his statements to these four persons, all of the difference between $250 and $300 a share would have been included in his profit from the transaction, inasmuch as the stock had cost him less than $250 a share. We are unable to find from the record that there was any consideration for Rippel’s promise or agreement in regard to the profits which he expected to make and which he subsequently did make, or that there were any circumstances which might have made an enforcible obligation of Rippel’s promise. Under such circumstances the profits, when realized, were his to do with as he pleased and he was not bound to give them to the four individuals in accordance with his unilateral imomise. Therefore, despite his statement to these four persons his profits from the sale of the 250 shares of stock should not be reduced by the difference between $300 and $250 a share. Julius Rosenwald, 12 B. T. A. 350, and cases there cited.
Since he was under no obligation to pay these individuals a total of $12,500 on account of the sale of these shares of stock, his action in transferring 48 shares of stock to them was, in effect, a gift of these shares, except as affected by the cash which changed hands at the same time. We have heretofore pointed out that we are unable to determine how the Commissioner has treated this transaction. The petitioner wants to concede that the transfer of the 48 shares resulted in a profit of at least $3,432 to Rippel, which has never been charged against him by the Commissioner. Ro such profit resulted. We will not disturb the determination of the Commissioner in regard to this entire transaction.
At the time J. S. Rippel bought the Fidelity Union Trust Co. stock from the Prudential Insurance Co. of America, the 4 per cent dividend in question had not been declared. The trust company was under no obligation to the petitioner to declare and pay such a dividend. We are not certain as to the method used by Ripjael in reporting his income and in keeping his books, but so far as we can judge from the record, he kept his booics and reported his income on the cash receipts and disbursements basis. We therefore see no reason why the $42,000 received by him as a dividend from the Fidelity Union Trust Co. was other than an ordinary dividend sub *447 ject to surtax when received by him. The situation is quite different from that where a taxpayer on an accrual basis accrues interest, the difference being that there is an obligation to pay interest and none to pay a dividend until it is declared and the one taxpayer accrues certain items, the other does not.
The petitioner, J. S. Rippel, claims that under section 214 (a) (1) of the Revenue Act of 1921 he is entitled to deduct the premiums which he paid on certain life insurance policies insuring his own life, where his estate is the beneficiary. He testified that his sole purpose in taking out these policies of insurance was to give additional security to a bank from which he had bought a piece of property.and to which he had given a relatively large purchase-money mortgage. We agree with the views of the Circuit Court of Appeals for the Third Circuit and the District Court for the Western District of Pennsylvania, that section 215 (a) (4) of the Revenue Act of 1921 inhibits such a deduction. Rieck v. Heiner, 25 Fed. (2d) 453; affirming 20 Fed. (2d) 208, promulgated February 23, 1928; James F. Kutz, 5 B. T. A. 239.
There remains for our consideration one alleged error raised by all three petitions, it being the only error alleged by the Adams and Mueller petitions which this Board is now urged to consider. This is the refusal of the Commissioner to permit the partnership firm of J. S. Rippel & Co., of which all three of the petitioners were members, to set aside from its profits a reserve to provide for losses or market reduction in the value of state, county, and municipal bonds. Counsel for the petitioner practically concedes that under the Revenue Act of 1921, additions to such a reserve are not authorized deductions from income. No satisfactory explanation of the purpose of this reserve has been given. In his opening statement counsel stated that the reserve was “ to protect the firm against an unexpected break in the municipal security market, which would immediately occur if, for instance, the Federal income tax would be declared unconstitutional, or a drastic tax rate reduction took place in the higher surtax brackets during the time that the taxpayer was obligated to take up these particular securities under the conditions under which it made purchase or transacted its business.”
No provisions of the Revenue Acts of 1918 or 1921, have been called to our attention, and we know of no provisions of these acts, which permit the deduction of additions to a so-called reserve of the character involved in this proceeding, as is contended for by this petitioner. Therefore, the Commissioner properly refused to permit the deduction of the amounts in question.

Judgment will he entered for the respondent.